IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HOLLYWOOD CHAMBER OF COMMERCE, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 25 C 1662 |
| v. | ) ) | Judge John J. Tharp, Jr. |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

**ORDER**

For the reasons set forth in the accompanying statement, the plaintiff's renewed motion for a TRO [27] is denied.

**STATEMENT**

      To receive preliminary injunctive relief, a party must, among other factors, demonstrate "some likelihood of success on the merits." *Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). Succeeding on the merits of its trademark-infringement claim will require the plaintiff to prove unauthorized use of a valid trademark in a manner "likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. 1114(1). Trademark infringement cannot result from a defendant's "fair use" of a mark—that is, non-trademark use that is descriptive of the defendant's goods and made both fairly and in good faith. *Sunmark, Inc. v. Ocean Spray Cranberries, Inc.*, 64 F.3d 1055, 1058 (7th Cir. 1995).

      The plaintiff has failed to demonstrate a sufficient likelihood of success on its trademark-infringement claim to obtain injunctive relief. With the exception of defendant #1, each of the defendants named in the first amended complaint appears to fall squarely within the fair-use defense. They engaged in exclusively non-trademark use of the plaintiff's mark, including it on products as a visual representation of an architectural icon—the Hollywood Sign—and not as a designation of the products' origin. No defendant (again, other than defendant #1) plausibly uses the "Hollywood" trademark to suggest that its goods came from a retailer licensed by the Hollywood Chamber of Commerce. To the contrary, nearly all "used" the mark only incidentally, as a necessary part of any visual depiction of the Hollywood Sign. Accordingly, the Court finds a strong case for the first element of the fair use defense as to all defendants but defendant #1. *See Sorensen v. WD-40 Co.*, 792 F.3d 712, 724 (7th Cir. 2015) (finding non-trademark use where "no

reasonable juror looking at [the defendant's product] could conclude that the [trademark] is used as an indicator of source").

The second element of fair use is also likely satisfied. A term is considered descriptive when it relates a "characteristic of a product or service." *Id.* Each defendant (other than defendant #1) used the mark in such a manner: as a visual representation of a key characteristic of the product—its geographic connection to California and/or Los Angeles. Indeed, the most common product over which a TRO is requested presents a small cartoon depiction of the Hollywood Sign in conjunction with dozens of other noteworthy buildings, places, and references surrounding "Los Angeles" in large text.

Finally, the Court finds a strong likelihood that the defendants (other than defendant #1) engaged in fair, good-faith use of the mark. None of their products appears to employ the mark in a manner designed to obfuscate or misrepresent the product's source.

In its motion for a temporary injunction, the plaintiff does not contest any of these points. In fact, it fails to address the fair-use doctrine at all. Accordingly, the Court finds that the plaintiff has failed to establish some likelihood of success on the merits of its trademark-infringement claim. The motion for a TRO is denied.[1]

Dated: February 27, 2025

John J. Tharp, Jr.
United States District Judge

---

[1] Aside from the fair-use doctrine, the Court alternatively finds that the plaintiff cannot demonstrate any likelihood of confusion stemming from the defendants' use of its mark. *AutoZone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008). Because the defendants (other than defendant #1) use the mark only incidentally in visual representations of the Hollywood Sign, no reasonable consumer would view their use of the mark as an indication that their products derived from a plaintiff-licensed retailer. In any case, the plaintiff fails to establish a persuasive case for several factors of the Seventh Circuit's likelihood-of-confusion test. There appears to be no "similarity of the products" (the plaintiff does not represent what its products even are), evidence of "actual confusion," or plausible "intent of the defendant to 'palm off' his product as that of another." *Id.*